## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL LATELY** | ) | Judge |
| **CHRISTINE LATELY** | ) | |
| 616 Neil Street | ) | Case No.: 3:22-cv-1134 |
| Sandusky, OH 44870 | ) | |
| | ) | COMPLAINT |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Florence J. Murray (0080292) |
| **SILACAL, INC.** | ) | Joseph A. Galea (0089550) |
| 12520 S. Lombard Ln. | ) | **MURRAY & MURRAY CO., L.P.A.** |
| Alsip, IL 60803 | ) | 111 East Shoreline Drive |
| | ) | Sandusky, Ohio  44870-2517 |
| Please also serve: | ) | Telephone:  (419) 624-3000 |
| 708 Autumn Dr. | ) | Facsimile: (419) 624-0707 |
| Bolingbrook, IL 60490 | ) | |
| | ) | *Attorneys for Plaintiffs* |
| and | ) | |
| | ) | |
| **PATRICK FERRELL** | ) | |
| 1174 Nugent Ave. | ) | |
| Bay Shore, NY 11706 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiffs Michael and Christine Lately, for their Complaint in this matter, state as follows:

1.     This personal injury action against Defendants Silacal, Inc. and Patrick Ferrell stems from a violent passenger car-commercial truck collision in Ottawa County, Ohio in 2020 due to the negligence of Defendants.  Defendant Patrick Ferrell, employed by Defendant Silacal, Inc., decided that, rather than safely stop in a rest area on the Ohio Turnpike to relieve himself, it

was a better idea to stop on the shoulder in a construction area. As a result of this negligence, Plaintiff Michael has suffered catastrophic injuries, and is now a quadriplegic. Plaintiff Christine has suffered a loss of consortium due to the injuries sustained by Plaintiff Michael and caused by the Defendants.

## PARTIES

2.    Plaintiff Michael Lately is a natural person residing in Sandusky, Ohio. Michael is domiciled in Ohio. He brings this action on his own behalf.

3.    Plaintiff Christine Lately is married to Plaintiff Michael Lately and she is a natural person residing in Sandusky, Ohio. Christine is domiciled in Ohio. She brings this action on her own behalf.

4.    Defendant Silacal, Inc. is a corporation organized under the laws of Illinois with a headquarters and residency in Bolingbrook, Illinois. They can be served through their registered agent Krzysztof Karleszko at 708 Autumn Drive, Bolingbrook, Illinois, 60490. They can also be served at 12520 S. Lombard Ln., Alsip, Illinois, 60803.

5.    Defendant Patrick Ferrell is a natural person residing in Bay Shore, New York. Defendant Ferrell is domiciled in New York. He can be served at 1174 Nugent Ave., Bay Shore, New York, 11706.

## JURISDICTION AND VENUE

6.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 as the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of costs, and interest.

7.      Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of Ohio, specifically, in Ottawa County, Ohio.

## FIRST CAUSE OF ACTION
### (negligence of Defendant Ferrell)

8.      On June 27, 2020, Plaintiff Michael Lately operated his Chrysler 300 passenger car eastbound on the Ohio Turnpike (designated Interstate 80/90), a limited access highway.

9.      Defendant Patrick Ferrell was operating a Volvo commercial tractor-trailer in the scope of his employment for Defendant Silacal, Inc. eastbound on the Ohio Turnpike at the same time.

10.     At all times relevant to this wreck, Defendant Ferrell was the employee of Defendant Silacal, and was also a statutory employee of Defendant Silacal as defined by 49 C.F.R. 390.5.

11.     It was raining moderately to heavily at the time of the wreck, and the roadway was wet with some standing water.

12.     Defendant Ferrell had passed an Ohio Turnpike service plaza approximately 4.5 miles ago.  These plazas offer ample parking for commercial trucks, and large restroom facilities for the traveling public.

13.     Defendant Ferrell needed to relieve himself, but opted not to stop at the service plaza he had just passed.  Instead, he pulled onto the Turnpike's shoulder.

14.     The Ohio Turnpike's rules and regulations prohibit a motorist from stopping on the Turnpike's shoulder except in an emergency. Ohio Adm. Code §§ 5537-2-14 and -15.

15.     Despite this rule, Defendant Ferrell opted to leave the lanes of travel and pull onto the Turnpike shoulder and park his commercial truck in order to urinate.

3

16.     Even more egregious, Defendant Ferrell did so in a construction zone, between construction barrels, where the usually three-lane roadway was reduced to two lanes of travel.

17.     In order to return to the traveled portion of the highway once finished with his restroom break, Defendant Ferrell was required to start his truck and accelerate from a stopped position and immediately merge onto the lanes of travel in order to accelerate to highway speeds, whereas traffic entering the Turnpike from a rest area has the benefit of a long acceleration lane, and could reach highway speeds before merging onto the lanes of travel.

18.     Defendant Ferrell merged onto the right lane of travel and immediately cut into the left lane of travel, apparently without looking for traffic already proceeding in the left lane.

19.     Plaintiff Michael Lately, who was driving his Chrysler in the right lane, was forced to change his course by Defendant Ferrel's sudden entry into his path of travel, where Plaintiff Michael had the right of way.

20.     Plaintiff Michael Lately attempted to take evasive action by changing into the left lane to avoid striking Defendant Ferrell's eighteen wheeler, but was still unable to continue uninterrupted as Defendant Ferrell then also moved into the left lane before the wreck occurred.

21.     Plaintiff Michael's Chrysler then struck the back of Defendant Ferrell's trailer at interstate highway speeds.

22.     As stated by the Ohio Highway Patrol Official Crash Report regarding Michael's Chrysler,

> The entire vehicle was heavily damaged, ripped apart, and destroyed.  The roof of the vehicle was ripped up from the vehicle, hanging over the read of the vehicle and partially in the air.  The entire front end portion of the vehicle's frame was bent, twisted and broken.  The passenger side rear fender was partially crushed and dented.  The passenger side A, B and C pillars were completely crushed and twisted.  Both the front and rear passenger side doors were crushed, twisted, and removed from the vehicle. * * * The entire front end of the vehicle was destroyed and missing from the vehicle.

4

23.     Plaintiff Michael was seriously and permanently injured as the result of this wreck.

24.     He was taken to St. Vincent Hospital in Toledo, Ohio, where he did not respond to touches on his hands or legs.

25.     Plaintiff Michael is now a quadriplegic, with no movement of his extremities, due to cervical spinal cord injury caused by the collision with Defendant Silacal's truck.

26.     Defendant Patrick Ferrell owed Plaintiff Michael a duty to operate his commercial motor vehicle safely and in accordance with Ohio law, with federal laws and regulations, and with industry standards. This duty included the duty to keep a safe lookout and to refrain from entering Plaintiff Michael's lane of travel if it was not safe to do so, and to operate his vehicle with extreme caution.

27.     Defendant Patrick Ferrell breached his duty of care to safely operate his commercial vehicle by:

    a.  Stopping and parking on the shoulder of the Ohio Turnpike in violation of Ohio Adm. Code §§ 5537-2-14 and -15, and trucking industry standards;

    b.  Changing from one lane to another without first ascertaining that the movement could be made safely in violation of Ohio Rev. Code § 4511.33 and trucking industry standards;

    c.  Starting from a stopped position without ensuring the movement could be made with reasonable safety in violation of Ohio Rev. Code § 4511.38 and trucking industry standards;

    d.  Failing to keep a lookout in the areas surrounding his vehicle, including in blind spots;

    e.   Failing to ensure that it was safe to change lanes from the right lane to the left lane;

    f.   Failing to utilize the proper, designated rest area on the Ohio Turnpike to relieve himself rather than stopping on the shoulder to do so;

    g.   Failing to operate his commercial motor vehicle with extreme caution in a situation where there was reduced visibility and traction on the road as required by 49 CFR 392.14;

    h.   Other acts of negligence to be determined from discovery.

28.    The violations of the Ohio Administrative Code and Ohio Revised Code described in Paragraph 23 also violate the Federal Motor Carrier Safety regulations. Specifically, Defendant Ferrell violated 49 CFR Part 392.2 (operating commercial motor vehicle not in accordance with the laws and regulations of the local and state jurisdiction).

29.    Defendant Ferrell's conduct also violated the following Federal Motor Carrier Safety regulations:

    a.   Failure to use flashers and warning devices upon the roadway as required by 49 CFR Part 392.22 while he was stopped on the side of the Ohio Turnpike;

    b.   Other violations to be determined from discovery.

30.    As the proximate result of Defendant Ferrell's negligence, Plaintiff Michael no longer had an assured clear distance ahead and he collided into Defendant Ferrell's trailer. This collision caused Plaintiff Michael to suffer catastrophic injuries.

31.    Defendant Ferrell is liable for all harms and losses suffered by Plaintiff Michael as a result of his negligence.

32.     Defendant Ferrell's violations of Ohio Adm. Code §§ 5537-2-14 and -15, Ohio Rev. Code § 4511.33, Ohio Rev. Code § 45.11.38 proximately caused injury to Plaintiff Michael Lately. As a result, these actions are negligence *per se*.

33.     Plaintiffs' damages may not be capped by application of Ohio Revised Code § 2315.18 because Plaintiff Michael Lately has suffered permanent and substantial physical deformity and loss of use of limbs and bodily injury, as well as permanent physical functional injury that permanently prevents him from being able to independently care for self and perform life-sustaining activities.

## SECOND CAUSE OF ACTION
### (vicarious liability of Defendant Silacal)

34.     Plaintiffs adopt and restate all previously pleaded averments as though fully pleaded herein and incorporate the same by reference.

35.     Defendant Silacal, Inc. is vicariously liable for all harms and losses caused by Defendant Ferrell while in the scope of his employment for Silacal, and while he was operating the commercial truck owned by Silacal.

36.     Further, 49 C.F.R. 390.5 defines an employee of a motor carrier to include drivers of a commercial motor vehicle, including independent contractors. Because Defendant Ferrell was a driver of Defendant Silacal's eighteen wheeler, he is a statutory employee of Defendant Silacal, and therefore Defendant Silacal is vicariously liable for the actions of Defendant Ferrell while defendant Ferrell was driving the truck.

37.     Plaintiffs' damages may not be capped by application of Ohio Revised Code § 2315.18 because Plaintiff Michael Lately has suffered permanent and substantial physical deformity and loss of use of limbs and bodily injury, as well as permanent physical functional

injury that permanently prevents him from being able to independently care for self and perform life-sustaining activities.

## THIRD CAUSE OF ACTION
### (direct negligence of Defendant Silacal)

38.    Plaintiffs adopt and restate all previously pleaded averments as though fully pleaded herein and incorporate the same by reference.

39.    Defendant Silacal, Inc. is liable for the breach of duties owed to Plaintiff Michael as a member of the traveling public who collided and was injured by a commercial motor vehicle owned and operated by Defendant Silacal.

40.    Defendant Silacal breached its duties to Plaintiff Michael by failing to train and to supervise Defendant Ferrell regarding the proper operation of Defendant Silacal's vehicle.

41.    Namely, Defendant Silacal failed to train and to supervise Defendant Ferrell regarding safe stopping and operating in construction areas on freeways, and on the duty to stop in safe, designated areas for restroom and other nonemergency breaks.

42.    Defendant Silacal failed to implement proper protocols, policies, and procedures to train and supervise Defendant Ferrell regarding these duties.

43.    These breaches proximately caused Plaintiff Michael's injuries and damages.

44.    Plaintiffs' damages may not be capped by application of Ohio Revised Code § 2315.18 because Plaintiff Michael Lately has suffered permanent and substantial physical deformity and loss of use of limbs and bodily injury, as well as permanent physical functional injury that permanently prevents him from being able to independently care for self and perform life-sustaining activities.

45.    Defendant Silacal is liable for all harms and losses suffered by Plaintiffs as a result of its negligence.

## FOURTH CAUSE OF ACTION
### (against all Defendants for loss of consortium)

46.     Plaintiffs adopt and restate all previously pleaded averments as though fully pleaded herein and incorporate the same by reference.

47.     Plaintiff Christine Lately has suffered a loss of consortium, of services, of companionship, and of society of her husband, Plaintiff Michael Lately, as the result of his catastrophic and permanent injuries.

48.     These injuries were caused by the direct and vicarious negligence of Defendants Ferrell and Silacal, Inc.

49.     Plaintiffs' damages may not be capped by application of Ohio Revised Code § 2315.18 because Plaintiff Michael Lately has suffered permanent and substantial physical deformity and loss of use of limbs and bodily injury, as well as permanent physical functional injury that permanently prevents him from being able to independently care for self and perform life-sustaining activities.

50.     Defendants Ferrell and Silacal, Inc. are liable to Plaintiff Christine Lately for all harms and losses caused by their conduct as described in the foregoing Complaint.

## FIFTH CAUSE OF ACTION
### (against all defendants for punitive damages)

51.     Plaintiffs adopt and restate all previously pleaded averments as though fully pleaded herein and incorporate the same by reference.

52.     Defendants, by knowingly endangering the traveling public, including the Plaintiff, by illegally parking along the side of the road in violation of the FMCSRs and Ohio Law, have acted with knowledge that their actions would likely result in the death or serious bodily injury to members of the traveling public.

9

53.    Because defendants acted with malice, Plaintiffs seek punitive damages be assessed against Defendants to discourage these Defendants, and those defendants similarly situated, from needlessly endangering the lives of the traveling public.

WHEREFORE Plaintiffs Michael and Christine Lately pray for judgment against Defendants Silacal, Inc., and Patrick Ferrell, jointly and severally, in an amount in excess of $75,000 as follows

   a.  Against Defendants for an amount which fairly compensates Plaintiffs for past and future medical expenses;

   b.  Against Defendants for an amount which fairly compensates Plaintiffs for past and future pain and suffering;

   c.  Against Defendants for an amount which fairly compensates Plaintiffs for past and future scaring and disfigurement disfigurement;

   d.  Against Defendants for an amount which fairly compensates Plaintiffs for impairment of ability to labor and earn income;

   e.  Against Defendants for an amount which fairly compensates Plaintiffs for all loss of household services;

   f.  Against Defendants for an amount which fairly compensates Christine Lately for loss of consortium, of services, of companionship, and of society;

   g.  For punitive damages in an amount which will deter future wrongful conduct by Defendants;

   h.  For Plaintiffs' costs, fees, and expenses in this matter;

   i.  For a determination that the cap on damages imposed by Ohio Revised Code Section 2315.18 does not apply in this case,

j.   For any other relief to which Plaintiffs may be entitled.


*/s/Florence A. Murray*
Florence A. Murray (0080292)
fam@murrayandmurray.com
Joseph A. Galea (0089550)
jag@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, Ohio  44870-2517
Telephone:  (419) 624-3000
Facsimile: (419) 624-0707

*Attorneys for Plaintiffs*